## In re HOLT'S ESTATE.

Second Division. Nome. January 22, 1927.

No. 3037.

**Executors and Administrators ⬟358(3)—Process—Service of Appeal—Appeal and Error.**

Exceptions on appeal were served upon the attorney for the executor of an estate and accepted generally by such attorney. On motion to dismiss the appeal by the executor, because no service was made on him personally, *held*, service on his attorney was sufficient to give the district court jurisdiction.

The above-entitled matter came·on for hearing on the motions of John Lichtenberg and G. A. Adams to dismiss the appeal of Mrs. M. A. Holt, widow of said deceased, from the order of the probate court, made and entered on the 14th day of October, 1926, ordering the sale of personal property, exceptions to which order were taken on the ground that said order is contrary to law. Said exceptions were filed by way of appeal on November 12, 1926. A transcript of the proceedings in the probate court was made November 20, 1926, and filed in this court December 1, 1926.

Notice was served by appellant upon said John Lichtenberg, administrator of said estate, and on G. A. Adams, his attorney, in substantial compliance with rule 63 of this court, to the effect:

"That the appellant has filed exceptions to an order of the United States commissioner authorizing the sale of certain personal property, which exceptions are hereto attached and made a part hereof, and marked for identification Exhibit A, and you are further notified that, within twenty days from the date of service of this notice upon you, you are required to appear in said action.

"[Signed] Hugh O'Neill, Attorney for Appellant."

"Due service" of said notice was admitted by "G. A. Adams, Attorney for Adm'r," December 18, 1926.

Motions to dismiss were made in writing by "John Lichtenberg," described in the body of said motion as "administrator of the estate of Edgar L. Holt," and by "G. A. Adams," respectively. John Lichtenberg "appeared specially and solely for the purpose of moving the court for the dismissal of

said entitled matter, because service of exceptions and notice was not made on this moving party." Service was, however, admitted by his attorney.

The motion of "G. A. Adams" was a general appearance, in which:

"Comes G. A. Adams and moves the court that the above *entitled* be dismissed upon the following grounds" (stating eight grounds).

No notice of the motions was given, but service of copies of the motions themselves was admitted by "Hugh O'Neill," January 7, 1927.

Ira D. Orton and Hugh O'Neill, both of Nome, for appellant.

G. A. Adams, of Nome, for respondent.

LOMEN, District Judge. It is apparent on the face of the records that G. A. Adams is not in any sense a party to these proceedings. Service was made upon him only in his capacity as attorney for Lichtenberg. The grounds for the dismissal of "the above-entitled" raised by him, may, therefore, be wholly ignored, unless the court of its own motion may gather therefrom, or otherwise, that it has no jurisdiction of the subject-matter or the appeal aforesaid. The court, however, is well satisfied that it has jurisdiction in the premises, under section 1774, Compiled Laws of Alaska; the transcript aforesaid having been filed.

Attached to the motion of Lichtenberg is his affidavit, in which he recites his qualification as—

"administrator with the will annexed of the estate of Edgar L. Holt, deceased; * * * that he is informed and believes that one Mrs. M. A. Holt seeks to make this affiant, as such administrator, a respondent in an action or proceeding in the district court, Second division, territory of Alaska, entitled 'In the Matter of the Estate of Edgar L. Holt, Deceased'; that this affiant has not been served with a notice, summons, process, or other paper in said entitled matter."

He probably questions the service upon his attorney as being sufficient service on him.

As already shown, service of the notice of the appeal, signed by appellant's attorney, was admitted by Lichtenberg's attorney to be duly made. Was service upon the attorney sufficient? This question only affects the court's jurisdiction

of the person, and not the jurisdiction of the court as to the subject-matter of the appeal. The question, however, must be answered in the affirmative.

Section 1337, Compiled Laws, provides:

"Notices shall be in writing, and notices and other papers shall be served on the party or attorney in the manner prescribed in this chapter, where not otherwise provided by this Code."

Section 1563 provides that:

"Any action or proceeding may be prosecuted or defended by a party in person or by attorney. * * *"

The manner of service was not objected to, and service was admitted, by the attorney.

Section 1332 provides:

"* * * When a party * * * has an attorney in the action, service of notice or other papers shall be made upon the attorney."

The same rule undoubtedly obtains in probate proceedings.

Section 1333 provides:

"The foregoing provisions do not apply to the service of a summons or other process. * * *"

We do not regard the notice provided for in rule 63 of this court as "process."

Section 1334 provides:

"A notice or other paper is valid and effectual, although defective either in respect to the title of the action in which it is made, or the name of the court or the parties, if it intelligently refer to such action."

The notice was sufficiently intelligible.

As to proceedings in probate court, section 1597 provides:

"The mode of proceeding is in the nature of a suit in equity as distinguished from an action at law."

The appeal was clearly taken for the purpose of advising the probate court.

Respondent ought not to complain of having notice which in fact brought him into court. If for any reason it was not "due notice," the court will see to it that the party has due notice under section 1774 before proceeding "to hear and determine" the exceptions. On the record there is no occasion to "dismiss the appeal." This was undoubtedly the purpose

of the motion. We think rule 63 was substantially complied with; and, though it were not, this would not militate against the jurisdiction of the subject-matter or appeal. If neither the administrator nor his attorney are proper parties, the showing should be limited to that fact, and not the dismissal of the appeal as such. In view of the rights, powers, and duties of the administrator, the court deems him the proper party to whom notice should be given, and that notice served upon his attorney was sufficient.

Motions denied.